UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS ALLEN HALE,

    Plaintiff,

v.

MICHAEL BOUCHARD, WELL PATH
HEALTH CARE, CRAIG DIAMOND,
VICKIE WARREN,

    Defendants.

Case No. 2:22-cv-10580
District Judge Matthew F. Leitman
Magistrate Judge Kimberly G. Altman

_____/

**REPORT AND RECOMMENDATION
TO DISMISS CASE FOR FAILURE TO PROSECUTE
AND
DENY PENDING MOTION TO DISMISS AS MOOT**

I.    Introduction

This is a civil rights case. Plaintiff Thomas Allen Hale (Hale), proceeding *pro se*, is suing defendants Michael Bouchard (Bouchard), Well Path Health Care (Well Path), Craig Diamond (Diamond), and Vickie Warren (Warren). Hale claims various violations of his constitutional rights, including deliberate indifference to his medical needs and religious discrimination, while incarcerated at the Oakland County Jail. *See* ECF No. 1. Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 15). As will be

1

explained, Hale was ordered to show cause as to why this case should not be dismissed for failure to provide an updated address and for failure to prosecute. (ECF No. 16). Hale has not responded to the order to show cause and the time for doing so has passed. Accordingly, it is RECOMMENDED that the case be DISMISSED and the pending motion to dismiss be DENIED AS MOOT.

## II. Background

On March 9, 2022, Hale filed his complaint. The return address envelope lists an address of 1201 N. Telegraph Road, Pontiac Michigan, 48340, which is an address for the Oakland County Jail. On March 21, 2022, Hale was mailed a Notice stating that it is his responsibility to notify the Court of any change of address. (ECF No. 3). The Notice also states that a "[f]ailure to promptly notify the court of a change in address or other contact information may result in the **dismissal** of your case." (*Id*., PageID.7) (emphasis in original). Hale obviously received this Notice because on March 29, 2022, Hale filed a notice of change of address and provided the following new address: P.O. Box 436017, Pontiac, Michigan, 48343, which is the address for inmate mail at the Oakland County Jail. (ECF No. 4).

Hale's application to proceed without payment of the filing fee was subsequently granted and service by the United States Marshals was ordered. (ECF No. 9) The Marshals acknowledged receipt of the service documents for all

2

defendants. (ECF No. 11). A waiver of service was later returned as executed for Bouchard (ECF No. 13) and counsel entered an appearance on his behalf (ECF No. 12).

On January 3, 2023, counsel for Bouchard filed a document styled "Certificate of Service," stating:

> In accordance with FRCP 5 a copy of Defendant's Appearance of Counsel, ECF No.12, was sent by United States Postal Service to Plaintiff at his last known address, ECF No.4, on December 16th, 2022. That address is the Oakland County Jail P.O. Box for inmate mail. On December 27th, 2022, Defendant's Counsel received the letter back by mail labeled "Return to Sender". On the letter it was handwritten that Plaintiff was "Released 12/5/22". (Exhibit #1).
>
> On information and belief Plaintiff has not filed a Notification of Change of Address as required by LR 11.2 in the 29 days since he was released from the Oakland County Jail, and Defendants are unable to serve him with any filings in this matter. Plaintiff was provided notice of his responsibility under LR 11.2 by the Court in ECF No.3 "Notice Regarding Parties Responsibility to Notify Court of Address Change". Defendant requests all appropriate sanctions including dismissal[.]

(ECF No. 14, PageID.30-31).

On January 11, 2023, the Court issued an Order to Show Cause, directing that Hale provide the Court with an updated address on or before February 1, 2023 and show cause in writing why his case should not be dismissed. (ECF no. 16). The Court also warned Hale that that "a failure to respond to this Order could lead to dismissal of this case. That is, if an adequate response is not filed by the February 1, 2023, the undersigned may issue a Report and Recommendation

3

recommending dismissal of the case for violation of Local Rule 11.2 and/or failure to prosecute." (*Id.*, PageID.39).

On January 13, 2023, counsel for Bouchard filed a motion to dismiss. As to seeking concurrence, counsel stated:

> In accordance with LR 7.1 undersigned counsel attempted to contact Plaintiff at the phone number listed in (ECF No. 4 ) (313) 797-2330 on January 13th, 2023. The person answering stated that they were not Thomas Hale, they were his cousin. The person informed Counsel that Thomas Hale had died but was unable to provide any additional information. Counsel was unable to find any relevant public probate court records in Oakland County to confirm this information. Therefore, Counsel was unable to obtain concurrence in this motion.

(ECF No. 17, PageID.40-41).

Counsel has since entered an appearance on behalf of Well Path and Warren, (ECF No. 18), and Diamond (ECF No. 23).

To date, the following Court filings sent to Hale at the only address of record have been returned as undeliverable: Order Referring Pretrial Matters (ECF No. 15); Order to Show Cause (ECF No. 16).

###       III.    Analysis

Parties who are not represented by counsel must keep the Court informed of their contact information. E.D. Mich. LR 11.2. When a *pro se* party fails to promptly update her contact information, she may face sanctions, including dismissal of the complaint. *Id.*; *Bugg v. Bauman*, No. 2:19-CV-10262, 2020 WL 7346690, at *1 (E.D. Mich. Oct. 19, 2020).

"It is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013). "Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008). Additionally, under Local Rule 41.2, "when . . . the parties have taken no action for a reasonable time, the Court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown." E.D. Mich. LR 41.2.

However, before *sua sponte* dismissing a lawsuit for failure to prosecute, a court typically must warn a party that "further noncompliance would result in dismissal." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 644 (6th Cir. 2005). Hale was provided with such a warning in the Order to Show Cause.

Here, as explained above, Hale appears to have been released from the Oakland County Jail, which is the only address of record. It also appears, although not verified, that Hale may be deceased. What is clear is that Hale has not updated the Court with a new address, responded to the Order to Show Cause, or taken any action to move his case forward. Under these circumstances, dismissal for failure to provide an updated address and failure to prosecute is appropriate.

IV. Conclusion

For the reasons stated above, it is RECOMMENDED that this case be DISMISSED for Hale's failure to provide an updated address in violation of Local Rule 11.2 and for lack of prosecution under Fed. R. Civ. P. 41(b) and Local Rule 41.2. It is further RECOMMENDED that Bouchard's motion to dismiss be DENIED AS MOOT.

Dated: February 16, 2023　　　　　　　　　　s/Kimberly G. Altman
Detroit, Michigan　　　　　　　　　　　　　　KIMBERLY G. ALTMAN
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 16, 2023.

　　　　　　　　　　　　　　　　　　　　　　s/Carolyn M. Ciesla
　　　　　　　　　　　　　　　　　　　　　　CAROLYN M. CIESLA
　　　　　　　　　　　　　　　　　　　　　　Case Manager